RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832
Telephone: 833-729-5529
Facsimile:  833-972-9546
E-mail:     ray@raykimlaw.com

Attorneys for Plaintiff
Roberto Sandoval Carrillo

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERTO SANDOVAL CARRILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE VONS COMPANIES, INC.; ONE SOURCE TECHNOLOGY LLC d/b/a ASURINT, and DOES 1-5.<br><br>Defendants. | Case No.: 8:25-cv-00191<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Roberto Sandoval Carrillo ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint ("Complaint") against defendant The Vons Companies, Inc. ("Vons") and One Source Technology, LLC, d/b/a Asurint ("Asurint")[1], and alleges as follows:

## SUMMARY OF ACTION

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action for damages and other legal and equitable remedies, based on: (i) Vons' unlawful and unfair conduct in using information disclosed in the California Department of Justice Megan's Law Website ("Megan's Law Website") for employment purposes; (ii) Vons' failure to conduct an individualized assessment of whether Plaintiff's conviction has a direct and adverse relationship with the specific duties of an Vons deli clerk that justified denying him the position; and (iii) Asurint's unlawful and unfair conduct in furnishing consumer background reports to Vons while knowing that Vons unfairly and unlawfully uses information contained in the consumer reports.

2. In so doing, Vons has violated the: (i) California Megan's Law, Penal Code § 290.46 ("Megan's Law"); (ii) California Fair Chance Act, Government Code § 12952; and (iii) California Unfair Competition Law ("UCL"), Business and Professions Code § 17200. Asurint has violated: (i) federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2); and (ii) the UCL, Business and Professions Code § 17200.

3. With respect to Vons' unlawful and unfair use of information on the Megan's Law Website, pursuant to the applicable statutes, Plaintiff seeks an injunction ordering that, moving forward, Vons cease from using information on the Megan's Law Website for employment purposes. With respect to Vons' failure to conduct an individualized assessment of whether an applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify

---

[1] Vons and Asurint are collectively referred to in the Complaint as "Defendants."

- 2 -
**CLASS ACTION COMPLAINT**

denying the applicant the position, Plaintiff seeks an injunction ordering that, moving forward, Vons institute a robust program to provide for the individualized assessment of each prospective employee or employee with a known conviction history. With respect to Asurint's unlawful and unfair conduct in furnishing consumer background reports to Vons while knowing that Vons unfairly and unlawfully uses information from the Megan's Law Website for employment purposes, Plaintiff seeks an injunction ordering that, moving forward, Asurint cease such conduct.

## THE PARTIES

4. Plaintiff is an individual consumer residing in the State of California, San Diego County.

5. Defendant Vons is a Michigan corporation with a headquarter in Fullerton, California.

6. Defendant One Source Technology, LLC d/b/a Asurint ("Asurint") is a consumer reporting agency that assembles and provides consumer reports to third parties for employment purposes and facilitates third party background checks by issuing pre-adverse action notices and adverse action notices. Asurint is licensed in Delaware and based in Cleveland, Ohio.

7. Doe Defendants 1-5 are the background check companies and individuals who provided background information about Plaintiff, obtained a background report on Plaintiff, and/or used information on the Megan's Law Website for employment purposes.

## JURISDICTION AND VENUE

8. This is an action brought under 15 U.S.C. § 1681b, 1681n and § 1681o of the FCRA. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. This Court also has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(1). Plaintiff brings a class action under Federal Rule of Civil Procedure 23.

Plaintiff and Asurint are citizens of different states, and on information and belief, the amount in controversy exceeds the sum of $5,000,000.00.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Vons is headquartered in Orange County and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

**A. Following His Conviction And Release, Plaintiff Worked Diligently To Rehabilitate And Become A Productive Member Of His Community**

10. In 1998, Plaintiff obtained his Bachelor of Arts in History from San Francisco State University. After obtaining his degree, Plaintiff moved to Southern California and obtained his teaching credential in 2000 and was student teaching for middle school and high school classes during that time.

11. For many years until December 2015, Plaintiff worked as an educator in the Sweetwater Union High School District. Plaintiff is also a musician, and during that time he also pursued a music career, obtained a certificate from the Berkeley College of Music, and added music as a subject to his teaching credential as a supplemental subject.

12. In 2016, Plaintiff was charged for possessing explicit material of a minor and was convicted in 2017. As a result, Plaintiff appears as a registered sex offender on the Megan's Law Website, along with information about the basis for his convictions.

13. Plaintiff spent five years in prison, and in October 2022 Plaintiff was released.

14. Plaintiff deeply regrets his actions and believes that he is completely rehabilitated. Plaintiff has made every effort to rebuild and redefine himself by working diligently to become a productive member of his community.

15. Since the charge, Plaintiff has obtained a paralegal certificate from University of San Diego and has been taking courses through San Diego Community

**CLASS ACTION COMPLAINT**

College District in paralegal classes and labor studies. Plaintiff has also sought to find employment and make a living, but employers like Vons have hindered his efforts.

**B.     Based On Information Obtained By Asurint, Vons Used Information From The Megan's Law Website For Employment Purposes And Rescinded Plaintiff's Employment**

16.     In January 2023 Plaintiff applied for a deli clerk position with Vons, a grocery store chain owned by Albertson's Companies, Inc. Vons gave Plaintiff a conditional offer of employment, and he began work in early January 2023.

17.     As a deli clerk Plaintiff stood behind the deli counter taking food orders, measuring, cooking, and serving food, cleaning the deli area, and generally offering great customer service. Plaintiff really enjoyed the job and his colleagues.

18.     On January 24, Asurint sent Plaintiff an email stating:

Dear Roberto,

The purpose of this letter is to notify you that Asurint, a consumer reporting agency, is reporting criminal or other public record information that may be adverse about you to:

Vons - San Diego #2784 (Southern Cal)
515 W Washington ST c/o Albertsons San Diego, CA 92103
(855) 275-7185

The above listed employer/agency has certified that it is using such public record information to determine your eligibility for employment, promotion, reassignment, and/or retention or volunteer placement.

19.     On or about February 28, Asurint completed its investigation and prepared a written background report on Plaintiff. On its website, Asurint touts that its "powerful, customizable technology backed by subject matter expertise and personalized assistance" includes conducting criminal background checks, including its "Sex Offender Registry" search. *See Asurint*, "Why Asurint" (available at https://asurint.com/why-asurint) (last visited on April 10, 2024), "Criminal

- 5 -
**CLASS ACTION COMPLAINT**

Background Searches," (available at https://asurint.com/Asurint/media/Asurint/PDFs/Asurint-Solution-Guide.pdf) (last visited on April 10, 2024).

20. The background report on includes conviction information from the Megans Law website.

```
SEX OFFENDER REPORT
CALIFORNIA
ROBERTO SANDOVAL                                              DOB: 4/24/XXXX
  Address(es):  551 S 35TH ST, SAN DIEGO, 92113
  Alias(es):    ROBERTO A SANDOVAL

CASE #CA31_46117241F7968 - CALIFORNIA SEX OFFENDER
CASE SUMMARY
Case #              File Date    Court Type     Case Disposition   Disposition Date
CA31_46117241F7968  n/a          SEX OFFENDER   n/a                n/a
Offense(s)          Offense Date Level          Offense Disposition Disposition Date
CASE DETAILS
```

21. On February 28, Asurint, as an agent and at the direction of Vons, emailed Plaintiff a pre-adverse action notice. Among other things, it stated that it was notifying Plaintiff "because an adverse employment decision (e.g. the withdrawal of a conditional offer of employment, transfer or promotion) [that] may be based, in whole or in part, on this screening report or on information regarding past criminal convictions that you identified during the application process," and:

> **We have identified the following convictions on your report to be job-related**:
>
> Sex Offender

(emphasis in original).

22. On March 6, following back and forth communications with Asurint, Plaintiff emailed Vons and Asurint providing mitigating evidence and evidence of rehabilitation, including letters from former colleagues and a former therapist attesting to his character and fitness.

23. Later that same day Asurint responded, stating "The Asurint Compliance Department is in receipt of your request to add a statement and documentation to your report. We have updated your report to include your statement and have notified your prospective employer that the updated report is available for review."

24. The very next day on March 7, Asurint, as an agent and at the direction of Vons, emailed Plaintiff a post-adverse action notice, terminating Plaintiff's employment, stating:

> Dear Applicant,
>
> We are writing to inform you that your conditional offer of employment, transfer or promotion with Vons/Pavilions has been withdrawn.
>
> This decision was influenced in whole or in part by a pre-employment screening report prepared by Asurint….
>
> We have identified the following convictions on your report to be job-related:
>
> Sex Offender

25. On information and belief, at no time did Vons conduct an individualized assessment of whether Plaintiff's conviction history has a direct and adverse relationship with the specific duties of a Vons deli clerk. Vons did not even consider the fact that Plaintiff had been successfully working at Vons as a deli clerk for two months and had been excelling in his position, so much so that the general manager, Laura, told him he could use her as a reference for future employment, and his direct supervisor, Holly, also told Plaintiff to get assistance from the union and use her as a reference.

26. Vons and Asurint, as an agent and/or fiduciary representative of Vons, rescinded Plaintiff's position and terminated him because of registry information Asurint obtained from the Megan's Law website and disclosed in the background report for Vons. On information and belief, Vons hires and authorizes Asurint to

obtain and use information in the background report provided by Asurint to make employment decisions for and on behalf of Vons. On information and belief Asurint acted as an agent and/or fiduciary representative for Vons and acted within the course and scope of such agency or fiduciary relationship in using the information from the Megan's Law Website to deny Plaintiff employment.

27. If Defendants would give Plaintiff a fair chance at employment, Plaintiff would like to apply again to work for Vons.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Classes"), pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), based on the following class definitions:

> **Megan's Law Class**: All persons in California who applied for employment with Vons and were denied employment as a result of Vons' use of information disclosed in the Megan's Law Website, during the relevant statute of limitations period.
>
> **Fair Chance Class**: All persons in California who applied for employment with Vons and were denied employment as a result of their conviction history.
>
> **FCRA Class**: All persons in California who applied for employment with Vons and on whom Asurint conducted a background search and furnished a consumer report containing sex offender registry information from the Megan's Law Website that was used by Vons and/or Asurint for employment decisions, during the relevant statute of limitations period.

29. Excluded from the Classes are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff reserves the right to amend or expand the Classes' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**Megan's Law Class**

30. Plaintiff and members of the Megan's Law Class were harmed by the acts of Vons in at least the following ways: Vons used registry information in the Megan's Law Website for purposes relating to employment, Vons denied Plaintiff and other members of the Megan's Law Class employment based on information from the Megan's Law Website, and this violation caused Plaintiff and Megan's Law Class members to lose an opportunity to earn income, have a lawful paying job, contribute to the workforce, be productive members of their community, and severe embarrassment, emotional distress, anxiety, deep frustration and loss of sleep.

31. Common questions of fact and law exist as to all members of the Megan's Law Class, which predominate over any questions affecting only Plaintiff or individual members of the Megan's Law Class. These common legal and factual questions, which do not vary between the Megan's Law class members, and which may be determined without reference to the individual circumstances of any Megan's Law Class members, include, but are not limited to, the following:

    A. Whether, within four years prior to the filing of this Complaint, Vons used information in the Megan's Law Website for purposes relating to employment;

    B. Whether, within four years prior to the filing of this Complaint, Vons denied Plaintiff and other members of the Megan's Law Class employment based on information from the Megan's Law Website;

    C. Whether Plaintiff and the Megan's Law Class members were damaged thereby, and the extent of damages for such violation;

    D. Whether such conduct is unlawful; and

    E. Whether Vons should be enjoined from engaging in such conduct in the future.

32. As a person who was denied employment as a result of information in the Megan's Law Website, Plaintiff is asserting claims that are typical of the Megan's Law Class.

**Fair Chance Class**

33. Plaintiff and members of the Fair Chance Class were harmed by the acts of Vons in at least the following ways: Vons intended to deny Plaintiff and members of the Fair Chance Class a position of employment solely or in part because of their conviction history and did not make an individualized assessment of whether their conviction history had a direct and adverse relationship with the specific duties of the job that justified denying them the position. This violation caused Plaintiff and Fair Chance Class members to lose an opportunity to earn income, have a lawful paying job, contribute to the workforce, be productive members of their community, and severe emotional distress, anxiety, deep frustration and loss of sleep.

34. Common questions of fact and law exist as to all members of the Fair Chance Class which predominate over any questions affecting only individual members of the Fair Chance Class. These common legal and factual questions, which do not vary between the Fair Chance Class members, and which may be determined without reference to the individual circumstances of any Fair Chance Class members, include, but are not limited to, the following:

    A. Whether within three years prior to the filing of this Complaint Vons conducted individualized assessments of job applicants with a conviction history;

    B. Whether Vons's conduct was unlawful; and

    C. Whether Vons should be ordered to comply with the Fair Chance Act in the future.

35. As a job applicant with a conviction history who was denied employment by Vons without an individualized assessment, Plaintiff is asserting claims that are typical of the Fair Chance Class.

**FCRA Class**

36. Plaintiff and members of the FCRA Class were harmed by the acts of Asurint in at least the following ways: Asurint conducted background searches and furnished a consumer report containing registry information from the Megan's Law Website that Asurint *knew* would be unlawfully used by Vons and/or Asurint for employment decisions. This violation caused Plaintiff and FCRA Class members to lose an opportunity to earn income, have a lawful paying job, contribute to the workforce, be productive members of their community, and severe emotional distress, anxiety, deep frustration and loss of sleep.

37. Common questions of fact and law exist as to all members of the FCRA Class which predominate over any questions affecting only individual members of the FCRA Class. These common legal and factual questions, which do not vary between the FCRA Class members, and which may be determined without reference to the individual circumstances of any FCRA Class members, include, but are not limited to, the following:

    A. Whether Asurint conducted a background search and furnished a consumer report containing sex offender registry information from the Megan's Law Website knowing that the information would be unlawfully used by Vons for employment decisions;

    B. Whether Asurint's conduct was unlawful; and

    C. Whether Asurint should be enjoined from engaging in such conduct in the future.

38. As a person that who applied for employment with Vons and on whom Asurint furnished a background consumer report containing sex offender registry information from the Megan's Law Website that was used by Vons for employment decisions, Plaintiff is asserting claims that are typical of the FCRA Class.

**The Classes**

39. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Classes is currently unknown to Plaintiff at this time; however, given that, on information and belief, Vons has thousands of employees and receives thousands of employment applications in California each year, and Asurint furnishes background reports for thousands of prospective employees in California per year, the members of each of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action is a superior method to individual actions and will provide substantial benefits to the parties and the Court.

40. Plaintiff will fairly and adequately protect the interest of the members of the Classes because Plaintiff has no interests which are adverse to the interest of absent class members and because Plaintiff has retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes.

41. A class action is superior to other available methods of fair and efficient adjudication of this controversy because individual litigation of each of the claims of the members of the Classes is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Classes.

42. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such

adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

43. Vons and Asurint have acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

# FIRST CAUSE OF ACTION
## CALIFORNIA MEGAN'S LAW
### Cal. Pen. Code § 290.46 *et seq*.
#### (Against Vons)

44. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

45. California Megan's Law, Penal Code § 290.46 ("Megan's Law"), requires that the Department of Justice maintain a public website identifying persons who are registered sex offenders on the website.

46. To ensure that registered offenders are not discriminated against based on information in the website, the Megan's Law also prohibits the use of any information disclosed in the Megan's Law Website from being used for employment purposes. Cal. Penal Code § 290.46(j)(2)(E).

47. Vons used the information about Plaintiff contained in the Megan's Law Website for employment purposes and denied Plaintiff employment with Vons. Despite Plaintiff's positive performance as a deli associate at Vons for two months, Vons used information contained in the Megan's Law Website to conclude that Plaintiff was not fit to work at Vons.

48. As a result of Vons' violations, Plaintiff and members of the Class are entitled to recover actual damages, including lost wages, damages for emotional distress, loss of sleep, anxiety, treble damages, statutory damages, a civil penalty of $25,000.00, exemplary damages, and attorney fees and costs. Plaintiff and members of the Megan's Law Class are also entitled to injunctive/preventative relief ordering

that, moving forward, Vons cease from using information on the Megan's Law Website for employment purposes.

## SECOND CAUSE OF ACTION
## FAIR CHANCE ACT
## Cal. Gov. Code § 12952
## (Against Vons)

49. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

50. California's Fair Chance Act "aims to reduce undue barriers to employment for individuals with criminal histories. This law generally prohibits employers with five or more employees from asking a job candidate about conviction history before making a job offer, among other requirements. This type of law is also known as a 'Ban the Box' law." California Civil Rights Department, *Fair Chance Act: Guidance for California Employers and Job Applicants* (*available at:* https://calcivilrights.ca.gov/fair-chance-act/). "California enacted the Fair Chance Act to reduce barriers to employment for individuals with conviction histories because gainful employment is essential to these individuals supporting themselves and their families and to improving their community ties and mental health – all of which reduce recidivism." California Civil Rights Department, *Fair Chance Act: Criminal History and Employment* (*available at:* https://calcivilrights.ca.gov/wp-content/uploads/sites/32/2022/11/Fair-Chance-Act-FAQ_ENG.pdf).

51. The Fair Chance Act, codified at Government Code § 12952, provides that "[a]n employer that intends to deny an applicant a position of employment solely or in part because of the applicant's conviction history shall make an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify denying the applicant the position." Gov. Code § 12952(c). In making the assessment, the employer must "consider all the following: (i) The nature and gravity of the offense or conduct. (ii)

The time that has passed since the offense or conduct and completion of the sentence. (iii) The nature of the job held or sought." *Id*.

52. "If the employer decides to take back the job offer based on your criminal history, they must tell you so in writing, provide a copy of any conviction history report they relied on, and give you at least five business days to respond." Id. The written notice "must" provide "[a]n explanation informing the applicant that, if the applicant chooses to respond, the response may include submission of either or both of the following types of evidence: evidence challenging the accuracy of the conviction history report that is the basis for the preliminary decision to rescind the offer, or evidence of rehabilitation or mitigating circumstances." 2 C.C.R. § 11017.1(c).

53. "To the extent that any evidence of rehabilitation or mitigating circumstances… is voluntarily provided by the applicant… that evidence must be considered as part of the initial individualized assessment." 2 C.C.R. § 11017.1(c)(1)(C); Cal. Gov. Code § 12952(c)(4). In addition, "[t]he employer shall consider any information submitted by the applicant before making a final decision regarding whether or not to rescind the conditional offer of employment." 2 C.C.R. § 11017.1(c)(3).

54. Vons is an employer.

55. Plaintiff is an applicant who applied for a position of employment with Vons.

56. Vons reviewed Plaintiff's criminal history in the background report and based on the conviction history intended to deny Plaintiff a position of employment solely or in part because of his conviction history, even though Vons was already employing Plaintiff and Plaintiff was performing very well as a deli associate.

57. Vons did not make an individualized assessment of whether Plaintiff's conviction history had a direct and adverse relationship with the specific duties of the

1 deli associate position that Plaintiff applied for that would justify denying him the position or terminating his employment.

58. The duties of the deli associate position included preparing, measuring and serving food from behind the deli counter, cleaning the deli premises, and providing a positive customer environment. Vons did not consider the fact that Plaintiff had been working at the store for several weeks, and his supervisors, Holly and Laura, found Plaintiff to be a competent, fit, and productive employee who added value to the store. Vons did not consider the nature and gravity of Plaintiff's offense or conduct, the over six years that had passed since the offense, or the nature of the job held or sought. The fact that Plaintiff was employed and performed very well as a deli clerk was not taken into account.

59. In addition, Vons did not consider the evidence of rehabilitation and mitigating circumstances, including good character letters, that Plaintiff had submitted. It is abundantly clear that Vons does not provide applicants with a conviction history a "fair chance" at employment.

60. As a result of Vons's violations, Plaintiff and members of the Fair Chance Class are entitled to recover actual damages, including lost wages, damages for emotional distress, embarrassment, loss of sleep, anxiety, treble damages, statutory damages, punitive damages, and attorney fees and costs. Plaintiff and members of the Fair Chance Class are also entitled to injunctive/preventative relief ordering that, moving forward, Vons comply with the Fair Chance Act and provide each and every applicant with a conviction history an individualized assessment to fairly determine whether she or he is fit for the position.

## THIRD CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681b(b)(1)
## (Against Asurint)

61. Plaintiff repeats, re-alleges, and incorporates by reference all other

paragraphs, as if fully set forth herein.

62. Asurint is a "consumer reporting agency" as defined by the FCRA.

63. Plaintiff is a "consumer" as defined by the FCRA, on who a "consumer report" was generated and furnished, as defined by the FCRA.

64. The FCRA, Section 1681b(b)(1), provides that "[a] consumer reporting agency may furnish a consumer report for employment purposes only if--… information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation[.]"

65. Asurint furnished a consumer report to Vons with knowledge that the information from the consumer report will be used in violation of the law, including California's Megan's Law. On January 24, 2023 Asurint sent Plaintiff an email stating that it is "reporting criminal or other public record information" to Vons, and Vons will use that information "to determine your eligibility for employment, promotion, reassignment, and/or retention," even though the only criminal information in the background report is from the Megan's Law registry. Asurint knew that Vons was using the Megan's Law registry information for unlawful means, and in fact enabled the misconduct. On information and belief, Asurint, as an agent or fiduciary representative for Vons, used the consumer report in violation of California's Megan's Law by making employment decisions on behalf of Vons based on information from the Megan's Law Website contained in the consumer report. Thus, Asurint is in violation of the FCRA, 15 U.S.C. § 1681b(b)(1)(A).

66. As a result of Asurint's negligent violation of the FCRA, Plaintiff and FCRA Class members are entitled to actual damages, and reasonable attorneys' fees and costs. 15 U.S.C. § 1681n.

67. Asurint also acted with knowledge, willfulness, and reckless disregard of the law, thereby entitling Plaintiff and FCRA Class members to statutory damages of $1,000.00 and punitive damages in an amount to be determined at trial. 15 U.S.C. § 1681n.

# FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION LAW
### California Business & Professions Code §17200
### (Against All Defendants)

68. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

69. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief as a remedy for any violations of the UCL.

70. Beginning on an exact date unknown to Plaintiff, but at all times relevant herein, Vons and Asurint have committed acts of unfair and unlawful competition proscribed by the UCL, including the practices alleged herein. The acts of unfair competition include the following:

   a. Vons used information contained in the Megan's Law Website for employment purposes.

   b. Vons failed to conduct an individualized assessment of Plaintiff in determining whether Plaintiff was fit for employment.

   c. Asurint furnished consumer reports to Vons with knowledge that the information from the consumer report will be used in violation of the law, including California's Megan's Law.

71. Defendants' unlawful conduct has caused and continues to cause substantial injury to Plaintiff and the members of the Classes. As a result of Defendants' unfair and unlawful conduct, Plaintiff lost money and/or property.

72. The business acts and practices of Defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers and prospective employees. These acts and practices have no utility that outweighs their substantial harm to consumers and prospective employees.

73. The unlawful and unfair business acts and practices of Defendants described herein present a continuing threat to Plaintiff and members of the general public in that Vons and Asurint are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

74. Pursuant to Business and Professions Code § 17203, Plaintiff seeks a injunction ordering that, moving forward:

    a. Vons cease from using information on the Megan's Law Website for employment purposes.

    b. Moving forward, Vons comply with the Fair Chance Act and provide each and every applicant with a conviction history an individualized assessment to fairly determine whether she or he is fit for the position.

    c. Asurint cease from furnishing consumer reports that include information from the Megan's Law Website knowing that such information will be used in violation of the law.

75. Pursuant to Code of Civil Procedure § 1021.5, Plaintiff seeks recovery of his attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Vons, and Plaintiff be awarded the following legal and equitable relief:

1. Certifying the Classes and pursuant to Federal Rule of Civil Procedure 23, certifying Plaintiffs as the representatives of the Classes, and designating their counsel as counsel for the Classes

2. Actual and compensatory damages for injuries suffered by Plaintiffs and the Classes;

3. Statutory damages and treble damages;

4. Punitive/exemplary damages;

5. Civil penalties;

6. Injunctive/preventative relief ordering Vons and Asurint ordering that, moving forward, Vons cease from using information on the Megan's Law Website for employment purposes;

7. Injunctive relief ordering that, moving forward, Vons comply with the Fair Chance Act and provide each and every applicant with a conviction history an individualized assessment to fairly determine whether she or he is fit for the position;

8. Injunctive relief ordering that moving forward Asurint cease from furnishing consumer reports that include information from the Megan's Law Website knowing that such information will be used in violation of the law;

9. Reasonable attorney's fees and costs to bring and maintain the instant action;

10. For such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 31, 2025          RAY KIM LAW, APC

*/s/ Raymond Y. Kim*
Raymond Y. Kim
Attorneys for Plaintiff
Roberto Sandoval Carrillo